JESSE J. FEINBERG ET AL., RESPONDENTS, v. BRAIN-
    SLAWA STASILITIS ET AL., APPELLANTS.

Submitted July 6, 1922—Decided November 8, 1922.

If an action be brought and the merits of the question be discussed
    between the parties, and a final judgment obtained by either,
    the parties are concluded, although some objection or argument
    might have been urged upon the first trial which would have led
    to a different judgment. Such a judgment works an estoppel not
    only between the same parties if suing in the same right, but
    likewise between their privies, whether in blood, law or estate.

On appeal from the Bayonne District Court.

Before Justices PARKER, BLACK and MINTURN.

For the respondents, *Benny & Cruden.*

For the appellants, *Lum, Tamblyn & Colyer.*

The opinion of the court was delivered by

MINTURN, J.   The action was brought by plaintiffs as partners doing business as Feinberg & Feinberg, in the practice of law, against the defendants for alleged professional services.

The plaintiffs recovered a verdict and the defendant appeals.

It is insisted that the record shows that in a former suit brought by the present defendants against Jesse J. Feinberg, the complaint was that Feinberg, the plaintiff being an attorney-at-law, agreed to procure bail for one of the defendants in that suit, who was charged with robbery, and in order to carry out his agreement one of the defendants, the person charged with the crime, deposited with Feinberg $500 upon the agreement that if bail should not be required, Feinberg would return the money; the criminal complaint was dismissed upon investigation before a magistrate, and Feinberg refusing to return the money suit was brought to recover it. In that suit the answer of the defendant was that he had been employed to defend one of the defendants upon a charge of robbery, upon the promise that he would be paid as a fee $500, and that the defendant procured that amount and paid it to Feinberg.   Thus the issue in the original suit was whether the $500 had been deposited as bail, or whether it was paid to the defendant Feinberg as a fee for legal services. The trial court found that the deposit was not paid for legal services, but was deposited to secure bail, and found for the plaintiff.   Upon appeal that judgment was affirmed by this court.

The present suit was thereafter brought by Feinberg, the defendant in the former suit, joined with his brother Jacob, as partners, to recover $500 for the legal services rendered by his firm in the same transaction.   It is now insisted by the defendant here that the issue thus presented is *res adjudicata*.   There can be no doubt but that the issue in the two cases was substantially whether the money was paid for services or deposited to secure bail.   If the money had been

paid for services, then the present defendant could not have recovered in that suit as he did against Feinberg.

The insistence here is that the doctrine of *res adjudicata* does not apply, because the parties are different, the defendant in the first suit being Jesse J. Feinberg, one of the partners, while the plaintiffs in the present suit are both of the partners. If the partners are entitled to recover then the services were rendered by the partners; and if the present plaintiff had succeeded as defendant in the first suit the recovery would have been for the benefit of both partners, so that his partner was really privy to the first action.

In the prior suit the defendant justified his refusal to return the money upon the ground that it was paid for legal services rendered by the firm, so that the judgment in the first suit, in legal effect, was that the plaintiff here, representing his firm, was not entitled to the money for services rendered.

The rule governing the situation was stated by Lord Kenyon in an early case: "If an action be brought and the merits of the question be discussed between the parties, and a final judgment obtained by either, the parties are concluded, although some objection or argument might have been urged upon the first trial, which would have led to a different judgment." *Greathead* v. *Bromley*, 7 *T. R.* 456.

And such a judgment, it has been held, will be held as an estoppel and be admissible as such, "not only between the same parties if suing in the same right, but likewise between their privies whether in blood, law or estate; and will moreover be evidence between those who, although not nominally, are really and substantially the same parties." *Kinnersley* v. *Cope*, 2 *Doug.* 517; 15 *R. C. L.* 428, and cases cited.

Such we conceive was the situation here, and the judgment must therefore be reversed.